C. B. FRUTCHEY, Appellee, v. CHARLES A. DERBY et al.,
Appellants.

**TRIAL: Misstatement of Issues.** An instruction which misstates a material issue is prejudicially erroneous. So held where a defendant surety pleaded that he had been released because he had never been notified by plaintiff of the principal's *default in payment*, and the court stated the issue as a claim that plaintiff had never *attempted to collect*.

**TRIAL: Erroneous Instruction on Noncontested Issue.** An erroneous instruction as to what constitutes "solvency" is harmless, when "insolvency" was conceded throughout the trial.

*Appeal from Wapello District Court.*—D. M. ANDERSON, Judge.

OCTOBER 26, 1920.

REHEARING DENIED FEBRUARY 17, 1921.

ACTION upon two promissory notes for $500 each. Verdict in favor of plaintiff for the full amount thereof, and judgment thereon. Defendants appeal.—*Reversed.*

*J. A. Lowenberg* and *Gillies & Daugherty,* for appellants.

*Heindel & Hunt,* for appellee.

STEVENS, J.—I. The notes in suit were executed September 18, 1911, to become due in one year, and payable to W. P. Clifford. They were executed in part payment of a two-thirds interest in the Home Milling Company, of South Ottumwa, Iowa. Before they came due, Clifford transferred them to plaintiff. Shortly thereafter, Clifford purchased the interest of defendants in the Milling Company, and, as a part consideration therefor, agreed to pay the notes, which were then owned by plaintiff. Clifford moved the mill from South Ottumwa to Lomax, Illinois. Some time after defendants sold their interest in the mill to Clifford,

1. TRIAL: misstatement of issues.

W. A. Derby had a conversation with Clifford and plaintiff concerning the notes and the arrangement made with Clifford for the settlement thereof. The exact date of this conversation is not shown, but the defendant W. A. Derby testified that it was in April or May, 1912 or 1913. According to his testimony, he then informed plaintiff that he and his brother had transferred their interest in the mill to Clifford, who had assumed payment of the notes held by him; that Clifford then said, in the presence of plaintiff, "Now don't worry, Derby, that has all been taken care of;" and that plaintiff said, "Yes, Mr. Clifford and I have talked that over, and I understand it."

The defendants, among other defenses urged, pleaded an estoppel, based upon the failure and neglect of plaintiff to inform them that Clifford had defaulted in the payment of the notes, or to demand payment thereof until long after Clifford had become insolvent. They alleged in their answer that they understood and believed that they were released from liability on the notes, and, relying thereon, refrained from collecting the amount due from Clifford, or otherwise proceeding against him; that this was known to plaintiff; and that, by the failure of plaintiff to give them timely notice of Clifford's default, they are, by reason of Clifford's insolvency, unable to protect themselves against loss.

It is contended by counsel for appellants that the court, in the fifth paragraph of its charge to the jury, erroneously and to their prejudice stated their plea of estoppel. The court charged the jury that defendants claimed that, at the time of the arrangement with Clifford to assume payment of the notes, he was solvent and able to pay the same; that plaintiff was informed and knew of the arrangement between defendants and Clifford, and assented thereto; that defendants relied thereon, and gave no further thought or attention to the matter; that plaintiff neglected and failed to try to collect said notes from Clifford, but permitted the same to become long overdue; that said Clifford afterwards became insolvent, and that neither the defendants nor plaintiff are able to collect said notes from him or his estate; and that, by his conduct in agreeing to look to Clifford for payment of said notes, and by failing to collect them from

him while he could do so, the plaintiff is estopped from enforcing collection of notes from the defendants.

It will be observed that the estoppel pleaded is not based upon the neglect or failure of plaintiff to try to collect the notes from Clifford, but upon his failure to present the notes to defendants for payment, or to advise them of Clifford's default until after he became insolvent. The evidence was undisputed that plaintiff sought to collect the notes from Clifford. Evidence showing his efforts to do so was introduced on behalf of defendants, for the purpose of lending support to their claim that plaintiff assented to the arrangement between them. Defendants maintain that, if they had been given timely notice of the failure of Clifford to pay the notes, they could have proceeded against him, and either enforced payment or recovered the property which formed the consideration for the notes.

It is apparent that the instruction did not correctly state defendants' plea of estoppel, and we cannot say that it was without prejudice. As stated, it was conceded and claimed by defendants that plaintiff sought to collect the notes from Clifford, in accordance with the arrangement pleaded, but that he did not inform them of the nonpayment thereof until some time in 1917. Defendants were entitled to have the theory of estoppel plea submitted to the jury; and the instruction of the court, failing to do this, was erroneous and prejudicial.

II. Complaint is also made of the court's definition of solvency. Whether the definition contained in the court's charge is technically correct or not, it could hardly have been prejudicial to defendants. It was conceded that Clifford was insolvent at the time suit was brought upon the note, and that he had since died, leaving no property out of which payment could be made. The plaintiff, however, claimed, and offered testimony tending to show, that Clifford was insolvent at the time he acquired the notes, and at all times thereafter, and that defendants were not, therefore, damaged by plaintiff's failure to present the notes for payment, or to advise them of Clifford's default. Furthermore, the definition complained of was not unfavorable to defendants.

2. TRIAL: erroneous instruction on noncontested issue.

III. One paragraph of the court's charge stated the exemptions to which plaintiff was entitled. Complaint is made of

the giving of this instruction, which it is also claimed is incomplete. No further instruction was asked by defendant; and we are of the opinion that, even if it were conceded that the instruction should not have been given, it was without prejudice. The complaints here made are not likely to be involved upon a retrial of the case. For the reasons stated, the judgment of the court below is—*Reversed.*

WEAVER, C. J., LADD and ARTHUR, JJ., concur.